**CARGO CARRIERS, Inc. v. SNYDER, Secretary of Treasury et al.**

Civ. No. 1467.

United States District Court
District of Columbia.

April 23, 1952.

Charles M. Irelan, U. S. Atty., Ross O'Donoghue, Asst. U. S. Atty., Washington, D. C., for defendants.

PINE, District Judge.

This case comes before me on a motion for a preliminary injunction and also on motions for summary judgment filed by the respective parties. Each concedes that there is no genuine issue as to any material fact, and I am of the same view. The sole question for decision, therefore, is which one of the parties is entitled to judgment as a matter of law.

Plaintiff is engaged in the shipping business. It is the owner of two unique craft described as a barge and a towboat. They are designed for joint operation, the barge to carry the cargo and the towboat to propel. Defendants have determined that the two, when operated together, shall be considered as a single vessel, and when so considered, its size and nature requires inspection and certification by the Coast Guard under the prescribed standards of safety.[1] Plaintiff contends that such determination is without warrant in law, and has prayed for a declaratory judgment and injunctive relief.

Singly, the barge is required to be certificated as a nonself-propelled, unmanned tank barge,[2] and this the plaintiff does not dispute. Singly, the towboat is not required to be certificated, as it is a motor-propelled towing vessel not subject to inspection. The nub of the matter, therefore, is whether defendants are authorized by law to determine that, when the two are operated as a unit, they shall be classified as a single vessel with its accompanying burdens, particularly as to crew requirements,[3] or are required to classify them as two vessels with their lesser burdens. Plaintiff claims that defendants do not have the statutory power to classify the two craft as one and subject them as a unit to burdens which singly they are not required to carry. According to my view, however, there is no question as to the power of the defendants, if the two,

Weston B. Grimes, Washington, D. C., Dorsey, Colman, Barker, Scott & Barber, Minneapolis, Minn., for plaintiff.

1. 46 U.S.C.A. § 367.

2. 46 U.S.C.A. § 391a.

3. 46 U.S.C.A. § 222.

when operated as a unit, can reasonably be considered a single "vessel," to which the laws covering inspection are made applicable,[1] for it has long been settled that, when the performance of official duty requires an interpretation of the law which governs that performance, the interpretation placed by the officer upon the law will not be interfered with unless it is clearly wrong and the official action arbitrary and capricious. Hammond v. Hull, 76 U.S.App.D.C. 301, 303, 131 F.2d 23, 25, and cases collected therein.

The two craft involved herein, considered singly, are unconventional in the extreme. While navigable singly, they are clearly intended for joint operation, accomplished by inserting the towboat unit into a gaping well in the stern of the barge. When locked together, however, the two craft present the appearance of a conventional tank ship. The units complement each other, and in function, design, operation and appearance when joined together, they form a single vessel.

 I am therefore of the opinion that defendants acted not only reasonably but also correctly in construing the term "vessel" to comprehend the two unique craft when operated as a single unit, and in classifying them accordingly as a vessel subject to inspection and certification. To hold otherwise and require the two craft to be treated as separate vessels would ignore realities and frustrate, by artifice, the requirements of the law, the purpose of which is to promote safety at sea.

Although not entirely in point, support for this view is found in Sacramento Navigation Co. v. Salz, 273 U.S. 326, 47 S.Ct. 368, 369, 71 L.Ed. 663, where the question under consideration was whether a tug and a barge could be considered a single vessel within the meaning of that term in the Harter Act, 27 Stat. 445, 46 U.S.C.A. § 190 et seq. Therein the Court stated the question to be "whether the barge alone, or the combination of the tug and barge, was the 'vessel transporting'", and held that, "The fact that we are dealing with vessels, which by a fiction of the law are invested with

personality, does not require us to disregard the actualities of the situation, namely, that the owner of the tug towed his own barge as a necessary incident of the contract of affreightment, and that the transportation of the cargo was in fact effected by their joint operation." See also The Fred W. Chase, D.C.S.C., 31 F. 91; The Columbia, 9 Cir., 73 F. 226; and The Seven Bells, 9 Cir., 241 F. 43.

Summary judgment will be granted the defendants. Counsel will submit, on notice, judgment in accordance herewith.