CARGO CARRIERS, Inc. v. HUMPHREY, Secretary of the Treasury, et al.

No. 11534.

United States Court of Appeals District of Columbia Circuit.

Argued March 19, 1953.

Decided July 16, 1953.

Mr. John G. Dorsey, *pro hac vice*, by special leave of Court, New York City, with whom Mr. Weston B. Grimes, Washington, D. C., was on the brief, for appellant.

Mr. Ross O'Donoghue, Asst. U. S. Atty. at the time of argument, Washington, D. C., with whom Messrs. Charles M. Irelan, U. S. Atty. at the time of argument, and William R. Glendon, Asst. U. S. Atty. at the time of argument, Washington, D. C., were on the brief, for appellees. Messrs. Leo A. Rover, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty. at the time record was filed, Washington, D. C., also entered appearances for appellees.

Before WILBUR K. MILLER, PROCTOR and BAZELON, Circuit Judges.

PROCTOR, Circuit Judge.

This appeal is from a summary judgment for defendants (appellees) in a suit whereby plaintiff (appellant) sought a declaratory judgment and injunction.

Appellant is the owner of two vessels, a non-propelled tank barge of 1892 tons and a tug boat of 99 tons. These vessels are uniquely designed and constructed so that the tug may be securely fitted into an indented stern of the barge and otherwise so integrated with it as that the two units may function for all practical purposes as a self-propelled tank barge for shipment of inflammable liquid cargoes in bulk.

The Coast Guard ruled that the units when joined and operated together should be treated as a single vessel for purposes of inspection and certification. This resulted in imposing costly safety requirements, especially as to crew, inapplicable to either unit alone. The complaint seeks relief from the ruling and its burdensome requirements. The critical question is whether there is statutory authority to support the action of the Coast Guard in so treating the combination as a single vessel. If they do have that power then the units so integrated and carrying inflammable cargo in bulk would concededly be subject to inspection under R.S. § 4417a, as added June 23, 1936, 49 Stat. 1889, as amended Oct. 9, 1940, c. 777, § 3, 54 Stat. 1028, 46 U.S.C.A. § 391a.[1] District Judge Pine in an opinion disposing of the case [2] seems to suggest that provisions of the Act of June 20, 1936, c. 628, 49 Stat. 1544, 46 U.S.C.A. § 367,[3] would also apply, presumably upon the theory that the consolidated vessel operated upon the high seas within the purview of said Act, but whether that is so does not appear from the record, therefore the question is not before us.

We agree with Judge Pine's conclusions that the Coast Guard officials acted reasonably and correctly in construing the term "vessel" to comprehend the two craft when operated as a single unit and accordingly classifying them as a vessel subject to inspection and certification. We also agree with his view that to "require the two craft to be treated as separate vessels would ignore realities and frustrate, by artifice, the requirements of the law, the purpose of which is to promote safety at sea." [4]

Affirmed.

1. "All vessels, regardless of tonnage, size, or manner of propulsion, and whether self-propelled or not, and whether carrying freight or passengers for hire or not, that shall have on board any inflammable or combustible liquid cargo in bulk * * * shall be considered steam vessels for the purposes of title 52 of the Revised Statutes and shall be subject to the provisions thereof * * *." The safety and crew requirements imposed on appellant's vessel by the Coast Guard are applicable to vessels subject to the provisions of title 52 of the Revised Statutes, as amended and supplemented by subsequent legislation. As to crew requirements, see R.S. § 4463, as amended, 46 U.S.C.A. § 222.

2. Cargo Carriers v. Snyder, D.D.C. 1952, 104 F.Supp. 258.

3. "Existing laws covering the inspections of steam vessels are hereby made applicable to seagoing vessels of three hundred gross tons and over propelled in whole or in part by internal-combustion engines * * *. The term 'seagoing vessels' as used in this section shall be construed to mean vessels which in the usual course of their employment proceed outside the line dividing the inland waters from the high seas * * *."

4. Cargo Carriers v. Snyder, 104 F.Supp. at page 260.